**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYON GARNETT,

        Petitioner - Appellant,

  v.

DWIGHT NEVEN; STATE OF
NEVADA; ATTORNEY GENERAL OF
THE STATE OF NEVADA,

        Respondents - Appellees.

No. 09-17174

D.C. No. 2:06-cv-00933-JCM-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 7, 2010
San Francisco, California

Before: D.W. NELSON, THOMPSON, and McKEOWN, Circuit Judges.

    State prisoner Bryon Garnett appeals the district court's denial of his petition

for a writ of habeas corpus. The district court found that two decisions of the

Nevada Supreme Court were not "contrary to" nor an "unreasonable application of,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). We affirm.[1]

Garnett has not established that his trial attorney provided ineffective assistance of counsel under the rule set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In his closing argument, Garnett's counsel drew attention to the discrepancy between Garnett's height and eyewitness accounts of the robber's height. That counsel did not call an expert to analyze the robber's height using the surveillance videotape does not render his performance deficient. *See id.* at 688. Nor was counsel's performance deficient for failure to call an eyewitness identification expert, when counsel instead presented alibi witnesses and the favorable eyewitness testimony of the Mendozas. *See id.* In addition, Garnett has not established prejudice due to his trial attorney's failure to conduct a reenactment of the robbery. Garnett did not conduct a reenactment to show whether a person of

---

[1] The district court certified three issues for appeal. We expand the Certificate of Appealability to include one of two uncertified issues Garnett raises in his opening brief. *See* 9th Cir. R. 22-1(e). "[J]urists of reason would find it debatable" whether Garnett first argued in his amended habeas corpus petition that his trial attorney was ineffective for failure to retain an eyewitness identification expert. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude Garnett adequately raised this issue. As for the second uncertified issue, the Supreme Court has not clearly established whether a freestanding claim of actual innocence exists. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2321 (2009); *see also* 28 U.S.C. § 2254(d)(1).

his height would have been unable to jump over the store counter, so it is not possible to determine whether a reenactment might have altered the result of his trial. *See id.* at 694.

Garnett's claim that the state violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963), also fails. Even assuming the latent fingerprint reports were exculpatory, the prosecutor's failure to turn the reports over before the commencement of trial did not prejudice Garnett's case. Garnett's attorney elicited testimony to the effect that investigators had not matched Garnett's fingerprints to prints taken from the crime scene. He reiterated this during his closing argument. The relevant evidence was before the jury.

Finally, the evidence produced at trial was sufficient to support a finding of guilt. Eyewitness Sylvanus Bradbury and off-duty clerk Janelle Goodnature identified Garnett as the robber. A "rational trier of fact could have found proof of guilt beyond a reasonable doubt" based upon these identifications. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

**AFFIRMED.**